## [No. 2575.]

## W. Y. Woolsey v. The State.

1. Willfully Altering Landmarks.—Indictment based upon Article 270 of the Penal Code, which makes it a misdemeanor to wilfully destroy, deface or alter any established line, corner, or any line or bearing tree, of any legal survey, without authority of law, etc., is fatally defective if it fails to charge that the acts constituting the offense were *wilfully* done. The omission of the word *wilfully* is not supplied by the concluding clause of the indictment, viz., "contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."
2. Practice in Court of Appeals.—Though no exception was taken in the court below on the ground that the indictment fails to charge an essential element of the offense, the objection is available in this court, and, if well taken, the conviction will be set aside and the cause dismissed.

Appeal from the County Court of Ellis. Tried below before the Hon. M. B. Templeton, County Judge.

The opinion sufficiently states the case. A fine of one hundred dollars was the punishment assessed against the appellant.

*Anderson & Clark*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. This prosecution was based upon Article 270 of the Penal Code, which reads thus: "If any surveyor or other person shall, without authority of law, wilfully

destroy, deface, alter or change any established line, corner, or line or bearing tree, of any legal survey, or shall wilfully make any new line or corner on any established legal survey, without authority of law, he shall be fined not less than one hundred nor more than five hundred dollars." Omitting formal portions, the offense as charged in the indictment is that the defendant "did then and there, without authority of law, alter and change an established corner of a legal survey of land by removing and fixing at another and different place a rock which was then and there, before so removed and at the time of said removal, the established northwest corner of a tract of land belonging to M. H. Meek, surveyed and taken out of the Josiah Woolsey survey, lying north of Red Oak creek in Ellis county; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

No exception was made to the indictment, either by motion to quash or in arrest of judgment, and for the first time on this appeal is its sufficiency called in question. It is claimed by counsel for appellant that the indictment is fatally defective in that it does not charge that the acts set out as constituting the offense were "*wilfully*" done.

It is an elementary rule of criminal pleading that the indictment must allege the constituent elements of the offense charged. As will be seen by reference to the article quoted *supra,* the word "wilfully" is the word used to characterize the acts intended to be prohibited by the statute. It is made an essential element of the crime, and unless it is alleged the indictment does not charge the offense defined, even though it avers, as does the one before us, in general terms that the acts complained of were "contrary to the form of the statute in such cases made and provided." Such an allegation does not supply the deficiency in the description.

On the merits of the case we do not believe, even if the indictment had been sufficient, that the evidence is sufficient to establish the offense, if the record correctly presents it. To our minds it does not show that the rock removed by the defendant was the established corner of the survey.

But it is unnecessary to discuss the facts. The indictment being, in our opinion, fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered April 13, 1883.